Barnett v. Palmer.

## Nettie Barnett v. Frank M. Palmer.

1. FORCIBLE ENTRY AND DETAINER—*Effect of Possession Without a Writ of Restitution.*—Where a plaintiff, in an action for forcible entry and detainer, recovers a judgment and afterward obtains possession peaceably and without the aid of a writ of restitution, it is a complete satisfaction of the judgment, except the costs, and he can not have a writ of restitution under it afterward.

2. SAME—*When a New Action is Necessary.*—Where a person recovers a judgment in forcible entry and detainer, and obtains possession of the premises without a writ of restitution, it is his duty to maintain his possession, and if he afterward voluntarily lets such premises become vacant and unoccupied, and the defendant in the former suit gets possession thereof peaceably and claims ownership, it will be necessary for him to oust such defendant by another action.   He can not do it under the former judgment.

Forcible Entry and Detainer.—Motion to quash writ of restitution. Appeal from the Circuit Court of DeWitt County; the Hon. WILLIAM G. COCHRAN, Judge, presiding.   Heard in this court at the May term, 1898.   Reversed and remanded, with directions.   Opinion filed December 2, 1898.

E. J. SWEENEY, attorney for appellant.

TIPTON & TIPTON and CHAS. R. ADAIR, attorneys for appellee.

MR. PRESIDING JUSTICE BURROUGHS delivered the opinion of the court.

At the August term, 1893, of the Circuit Court of DeWitt County, in a certain forcible entry and detainer proceeding

in that court, in which Frank M. Palmer, the appellee, was plaintiff, and Nettie Barnett, the appellant, and others were defendants, the appellee recovered a judgment, finding that the appellant and her co-defendants were guilty of unlawfully withholding the possession of lot 4, block 3, in Kenney, Illinois, and awarding the possession thereof to the appellee with costs.

On or about September 1, 1893, and a few days after the judgment was entered, the appellant and her co-defendants vacated said lot, and the appellee immediately took possession thereof, and, by his tenants, remained in such possession until about April, 1895, when the tenants moved out and left the lot vacant and unoccupied, and it so remained until on or about September 5, 1896, when the appellant, claiming to be the owner, took possession thereof without any resistance or objection, and has continued to occupy it ever since, claiming to own it. In July, 1897, the appellee commenced a forcible entry and detainer proceeding against the appellant and one Charles Lake, who lived with her, for the possession of said lot, before a justice of the peace, which being tried by a jury, resulted in a verdict finding the appellant not guilty, and said Lake guilty of unlawfully withholding the possession of said lot from the appellee, and the justice entered a judgment on the verdict as to the said Lake, but none against the appellant. After said judgment of the justice of the peace was entered, said Lake left the lot, leaving the appellant in the exclusive possession thereof. On May 31, 1897, the appellee procured the clerk of the Circuit Court of DeWitt County to issue to the sheriff of that county, on the judgment of that court rendered at its August term, 1893, a writ of restitution against the appellant and her co-defendants for the possession of said lot.

On August 31, 1897, the appellant filed in said Circuit Court her motion to quash the said writ of restitution, for the reason, among others, that the judgment upon which it issued had been satisfied in full (except as to the payment of costs). On January 5, 1898, the motion was heard, both

parties being in court in person and by counsel, and the evidence introduced showed the foregoing facts, whereupon the Circuit Court entered an order overruling the motion and refusing to quash the writ of restitution, to which action of the court the appellant excepted and brings the proceeding to this court by appeal, and urges a reversal of the order denying the motion to quash the writ of restitution, on the ground that it is contrary to the law and the evidence. The appellant, by her counsel, contends that the surrender of the possession of the lot in question by her and her co-defendants, to the appellant, about September 1, 1893, and his receiving and holding the same by his tenants until April, 1896, was a satisfaction of the judgment of the August term, 1893, except as to the costs, and that therefore the writ of restitution issued thereon on May 31, 1897, was wrongful and ought to be quashed.

We are satisfied that the judgment of the August term, 1893, was an adjudication between the appellant and the appellee, as parties thereto; that at the time the complaint was made in the forcible entry and detainer proceeding in which it was entered, the appellant and her co-defendants were guilty of unlawfully withholding the possession of the lot from the appellee, and that he was entitled after its rendition to have a writ of restitution issued thereon commanding the sheriff, as the executive officer of the court, to remove the appellant and her co-defendants from the lot, and put the appellee in possession thereof; and when the sheriff should have executed the writ by putting the appellant and her co-defendants out of the possession of the lot, and putting the appellee in, the appellee would have thus gained the object of that proceeding, and the law would, in that proceeding, do no more for him. If he was afterward disturbed, he must resort to another action; for he could not have another writ of restitution under that judgment. But it appears from the undisputed evidence in this record that after the judgment of the August term, 1893, was entered, the appellant and her co-defendants voluntarily left the lot, and the appellee immediately took possession of it,

thus as fully obtaining the object of his proceeding as if he had been put in possession of the lot by the sheriff armed with a writ. Having thus obtained possession he could not afterward have a writ of restitution on that judgment (Hinton v. McNeil et al., 5 Ohio, 325, and Hough v. Norton et al., 9 Ohio, 45,) because his getting the possession of the lot after the judgment peaceably, was a complete satisfaction of all of the judgment, except the costs; and the appellant and her co-defendants had the right to give up the possession of the lot to the appellee in accordance with the judgment, and thus save the costs of the writ of restitution. After the appellee was thus in possession of the lot it was his duty to maintain that possession, and if he voluntarily left it vacant and unoccupied afterward, and the appellant got possession thereof peaceably, and now claims it as her own (which the evidence shows to be the case) it will be necessary for him to get her off, if he can, by another action. Houghton v. Norton et al., *supra.* He can not get her out in the manner sought by procuring a writ of restitution on the old judgment.

The Circuit Court should have quashed the writ of restitution in accordance with appellant's motion, from the showing made in support of it; and it was prejudicial error not to do so; we therefore reverse the order of that court denying the appellant's motion to quash the writ of restitution in question, and remand this proceeding to that court with instructions to it to allow said motion and enter an order quashing said writ.

Order reversed and remanded, with instructions.